UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUAN RIVERA,

    Petitioner,

v.                                                  Case No. 6:07-cv-1704-Orl-35GJK

SECRETARY, DEPARTMENT OF
  CORRECTIONS, et al.,

    Respondents.
_____/

## **ORDER**

      Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 6). Petitioner filed a reply to the response (Doc. No. 12).

      Petitioner alleges four claims for relief in his habeas petition: 1) counsel was ineffective for failing to investigate a possible contamination of evidence issue; 2) counsel was ineffective for failing to file a motion in limine for a pretrial determination of whether evidence the defense intended to offer at trial would be admissible; 3) counsel was ineffective for adivising Petitioner to waive his right to testify at trial; and 4) the trial court erred when it refused to allow Petitioner to present at trial any information regarding his co-defendant's arrest.

## I.     Procedural History

Petitioner and Antoinette Gay Olive were charged by information with one count of trafficking in 14 grams or more of oxycodone.[1]  A jury trial was held, and Petitioner was found guilty as charged in the information.  The trial court adjudicated Petitioner guilty of the crime and sentenced him to imprisonment for a term of fifteen years.  Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, which was denied.  Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

## II.    Legal Standards

### A.    Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

  (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

  (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

---

[1] Oxycodone is a central nervous system depressant.  OxyContin and Percoset are trade names for oxycodone products.

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[2] *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B. *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984),

---

[2]Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.³  *Id*. at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id*. at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989)

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight.  *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).  Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

---

³In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

### III. Analysis

### A. Factual Background

Deputy William Cruz, while working as an undercover agent, posed as a drug buyer and came in contact with Petitioner. Petitioner offered to provide Deputy Cruz with Percocet and OxyContin pills in exchange for one gram of heroin. The parties agreed to meet at a McDonald's restaurant, and Deputy Cruz arrived at the meeting location with Deputy Nicholas Ortiz. Petitioner entered the vehicle of Deputy Cruz and handed him a bag of OxyContin pills and a bag of Percocet pills. Deputy Cruz handed Petitioner a bag of simulated heroin, and the arrest team moved in and arrested Petitioner. One bag seized from Petitioner contained 30 OxyContin pills, which tested as 4 grams of oxycodone, and the other bag contained 30 Percocet pills, which tested as 15.8 grams of oxycodone. According to the charging affidavit prepared by Deputy Cruz at the scene of the incident, Ms. Olive stated that she knowingly provided Petitioner with the pills and that she knew they were being traded for heroin. The pills came from Ms. Olive's prescriptions. Petitioner and Ms. Olive were tried separately.

### B. Claim One

Petitioner argues that counsel was ineffective for failing to investigate whether pills belonging to Ms. Olive were commingled with the pills seized from him. According to Petitioner, he only sold thirty OxyContin pills to the undercover deputy; he did not sell the additional thirty Percocet pills for which he was also charged. He contends that the thirty Percocet pills belonged to Ms. Olive and were improperly commingled with the evidence seized from Petitioner. This claim was raised in Petitioner's Rule 3.850 motion and denied

on the basis that the evidence presented at trial refuted the possibility that the drugs recovered from Petitioner were commingled with any from Ms. Olive.

The evidence at trial reflects that both bags of pills came from Petitioner. Deputy Cruz testified that, during his undercover investigation, Petitioner provided him with two bags of pills. (Appendix A, Transcript of Trial at 115.) One bag contained OxyContin pills, and the other bag contained Percocet pills. *Id*. Deputy Cruz also identified the evidence envelopes in which he placed the pills that were handed to him by Petitioner. *Id*. at 120. Additionally, Deputy Ortiz testified that, during the undercover investigation, he saw Petitioner provide Deputy Cruz with two separate bags of pills. *Id*. at 152.

Petitioner has failed to demonstrate that the drugs recovered during the undercover investigation were commingled with any from Ms. Olive. Under the circumstances, Petitioner has not shown deficient performance on the part of counsel or that he sustained prejudice. Thus, it cannot be said that the state court's denial of this claim was "contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). As a result, Petitioner is not entitled to federal habeas relief on this claim.

## C.    *Claim Two*

Petitioner avers that he received ineffective assistance of trial counsel because counsel failed to file a motion in limine for a pretrial determination of whether evidence the defense intended to offer at trial would be admissible. Specifically, Petitioner appears to argue that counsel should have filed a motion in limine in order to determine whether Ms. Olive's involvement in the case was admissible, since there was a possibility that the pills

6

seized from Ms. Olive were commingled and attributed to the pills seized from Petitioner. This claim was raised in Petitioner's Rule 3.850 motion and denied on the basis that Petitioner failed to show prejudice.

Prior to the commencement of trial, the prosecutor moved in limine to exclude evidence of Ms. Olive's involvement in the case. (Appendix A, Transcript of Trial at 10-11.) The trial court agreed but, based on the suggestion of Petitioner's counsel, stated that the situation could change if the State called Ms. Olive as a witness. *Id*. at 11. Thus, Petitioner received a pre-trial ruling on the matter, even though the motion was initiated by the State.

Additionally, after the State rested, Petitioner's counsel argued that evidence about Ms. Olive's case was relevant because of the possibility of commingling of evidence. The trial court offered to have the State's witnesses recalled to allow the defense to delve into the possible commingling issue. *Id*. at 172. Petitioner's counsel, with Petitioner's acquiescence, made the tactical decision not to do so. *Id*. at 172-75.

Finally, the deputies' testimony revealed that there had been no commingling of the pills, and Petitioner has failed to provide any proof to the contrary.

Petitioner has not shown deficient performance on the part of counsel or that he sustained prejudice. Consequently, Petitioner has not established that the state court's denial of this claim was "contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). As a result, Petitioner is not entitled to federal habeas relief on this claim.

### D. Claim Three

Petitioner claims that counsel was ineffective for advising him to waive his right to testify at trial. He contends that counsel informed him that 1) his testimony would be inconsequential since the trial court had precluded the defense from discussing the co-defendant's involvement in the crime, and 2) if Petitioner took the stand, "he would be giving up a sure winner on appeal because the [trial] court committed fundamental error by excluding" evidence regarding the co-defendant. He alleges that he wanted to testify "to the fact that he only traded thirty pills, not sixty pills with the officer and that the pills he traded consisted of solely Oxycotin [sic], not Percosets [sic] and Oxycotins [sic], as alleged." This claim was raised in Petitioner's Rule 3.850 motion and was denied.

It is well established that a defendant has a constitutional right to testify at trial in his or her own behalf. *Rock v. Arkansas*, 483 U.S. 44, 52 (1987). In the present case, the record reflects that the trial court discussed with Petitioner whether he wished to testify at trial, and Petitioner stated that, after discussing the matter with counsel, he had decided not to do so. (Appendix A, Transcript of Trial at 173-77.) Petitioner has not shown that counsel's strategy with regard to this matter unsound or constituted ineffective assistance of counsel. *See Tyson v. Sullivan,* 2008 WL 5586721, at *15 (C.D. Cal. October 15, 2008) ("Clearly counsel did not refuse to let him testify. At best, he merely counseled against it. Thus, Petitioner's failure to testify was the result of a tactical decision and not because he was barred from testifying."). Counsel could reasonably conclude under these circumstances that more harm than good would come from Petitioner's testimony.

Finally, even assuming that counsel's representation was in some manner deficient

8

because of his advising Petitioner not to testify, Petitioner has not demonstrated that he was prejudiced. As discussed above, the deputies testified that Petitioner provided both bags of pills to them and that there was no commingling of the pills. The pills were placed in evidence and Petitioner does not deny that he was dealing in some quantity of illegal drugs. Considering the overwhelming evidence of his guilt, Petitioner has failed to show that his proposed, uncorroborated testimony denying his sale or possession of Percocet would have provided any reasonable possibility of a different outcome. *See Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001) (the petitioner's "self-serving conclusory statement that his testimony would have resulted in an acquittal, standing alone, falls far short of satisfying *Strickland's* prejudice element.").

Therefore, Petitioner failed to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in denying relief on this claim of his Rule 3.850 motion. See 28 U.S.C. § 2254 (d)(1), (2).

*E.* ***Claim Four***

Petitioner claims that the trial court erred when, during the cross-examination of Deputy Cruz by Petitioner, it sustained several objections, based on relevance, to his attempt to elicit information regarding Ms. Olive's involvement in the drug transaction.[4]

This claim involves evidentiary rulings made by the state trial court. "Federal habeas corpus relief based on evidentiary rulings will not be granted unless it goes to the

---

[4]After the State rested, Petitioner's counsel raised additional arguments on the issue of relevancy. The trial court then found that Petitioner had demonstrated relevancy, and it offered to have the State's witnesses recalled to allow the defense to delve into the possible commingling of evidence issue.

fundamental fairness of the trial." *McCoy v. Newsome*, 953 F.2d 1252, 1265 (11th Cir. 1992); *see also Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991) ("[w]e review questions of state law in federal habeas proceedings only to determine whether the alleged errors were so critical or important to the outcome of the trial to render `the entire trial fundamentally unfair.'"). The state trial error must have been "material in the sense of a crucial, critical, highly significant factor." *Tejada*, 941 F.2d at 1560 (quotation omitted) (citations omitted).

In the present case, Petitioner has not shown that the rulings deprived him of a fundamentally fair trial. Moreover, Petitioner has failed to establish that the alleged error by the trial court with regard to this matter had a "substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson*, 507 U.S. 619, 622 (1993). Thus, this claim must fail.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Juan Rivera is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida, this 10th day of November 2009.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
sa 11/10
Counsel of Record
Juan Rivera